IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01793-CMA-KLM

CONCEALFAB CORPORATION, a Colorado corporation,

Plaintiff,

v.

SABRE INDUSTRIES, INC., a Delaware corporation, and MIDWEST UNDERGROUND TECHNOLOGY, INC., an Illinois corporation,

Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference occurred on December 10, 2015. Martin D. Beier and Angela D. DeVine appeared on behalf of Plaintiff ConcealFab Corporation ("ConcealFab"). Jeffrey S. Pagliuca, Laura A. Menninger and Alan D. Schindler appeared on behalf of Defendants Sabre Industries, Inc. ("Sabre") and Midwest Underground Technologies, Inc. ("MUTI").

**2. STATEMENT OF JURISDICTION**

This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court also has jurisdiction to render declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's Statement of Claims:** ConcealFab and Sabre/MUTI are competitors that discussed combining their businesses. In connection with those discussions, ConcealFab and Sabre/MUTI entered into several agreements: (1) a Mutual Non-Disclosure Agreement ("NDA") requiring both parties to keep in confidence all "Confidential Information" they learned during their discussions, and prohibiting either party from using such information for any purpose other than evaluating and engaging in discussion regarding their potential business relationship; (2) an Employment Agreement with ConcealFab Chief Executive Officer Jonathan Fitzhugh in which Sabre/MUTI agreed to pay him $300,000 in the event he was terminated without cause; and (3) a Term Sheet outlining the key categories and terms from which a definitive agreement to combine the two businesses would be developed. Following execution of the Term Sheet and several weeks of inactivity by Sabre/MUTI, however, Sabre/MUTI informed ConcealFab that it wanted to re-structure the agreement. Sabre/MUTI proposed a Licensing Operating Agreement ("LOA"), purportedly to allow the companies to operate jointly until a definitive agreement to combine the two businesses was in place. In actuality, Sabre/MUTI proposed the LOA in order to gain access and rights to ConcealFab's Confidential Information and trade secrets without the necessity of performing pursuant to the Term Sheet. After more than two months of access to ConcealFab's Confidential Information and trade secrets—and without performing its duties under the LOA—Sabre/MUTI terminated the LOA for pretextual reasons. Since then, Sabre/MUTI has used ConcealFab's Confidential Information and trade secrets to pursue ConcealFab's business opportunities for itself. ConcealFab asserts claims for breach of the NDA, LOA and Employment Agreement, breach of the implied

covenant of good faith and fair dealing implied in the LOA, breach of fiduciary duty arising from their joint venture under the LOA, misappropriation of trade secrets, tortious interference with contractual and prospective business relations, trade disparagement, fraud in the inducement and unjust enrichment. ConcealFab also seeks a declaration that a UCC-1 Financing Statement recorded by Sabre is invalid.

b. **Defendants' Statement of Defenses:** Sabre and MUTI are two distinct corporate entities. The Defendants have filed a motion to dismiss the Complaint in its entirety based on its fatal pleading deficiency: namely, that ConcealFab improperly collectivized the two Defendants, thereby depriving each Defendant adequate notice of the claims levied against them. In addition, the Defendants dispute Plaintiff's claim that the parties entered into a valid LOA and Employment Agreement and have moved to dismiss all claims related to those alleged agreements for failure to state a claim for which relief may be granted. The Defendants have further moved to dismiss Plaintiff's fraud in the inducement claim on the grounds that it was not pled with sufficient particularity. Following a decision on the motion to dismiss, the Defendants intend to raise counterclaims based on Plaintiff's fraudulent misrepresentations related to the LOA and on equitable theories of relief, including but not limited to, unjust enrichment.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. ConcealFab is a Colorado corporation with a principal place of business at 3275 Fillmore Ridge Heights, Colorado Springs, Colorado 80907.

b. Sabre is a Delaware corporation with a principal place of business at 8653 East Highway 67, Alvaredo, Texas 76009.

c. MUTI is an Illinois corporation authorized to conduct business in Colorado, with a principal place of business at 2626 Midwest Court, Champaign, Illinois 61822. MUTI is a wholly-owned subsidiary or division of Sabre.

## 5. COMPUTATION OF DAMAGES

ConcealFab claims the following damages:

a. Non-Payment of Severance under Employment Agreement: $300,000.

b. Unpaid Portion of Money Earmarked for Michael Slattery: $96,000.

c. Attorneys' Fees Incurred to Date and to be Incurred in *Michael Slattery v. ConcealFab Corporation, Jonathan Fitzhugh, Duncan Stewart and Chris Odell*, El Paso County District Court, Case No. 2015CV31900: $39,870.45.

d. Non-Payment of Expenses Incurred during LOA: approximately $75,000.

e. Defendants' Fulfillment of Outstanding Customer Orders: $87,500.

f. Damage to ConcealFab's Borrowing Capacity: approximately $90,000.

g. Trade Defamation: approximately $1,050,000.

h. Intentional Interference with Prospective Business Relations: TBD.

i. Misappropriation of Trade Secrets: TBD.

k. Pre- and post-judgment interest, costs and attorney fees to be determined post-trial.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(F)

a. Date of Fed.R.Civ.P. 26(f) meeting: December 2, 2015.

b. Names of each participant and party he/she represented: Martin D. Beier and Angela D. DeVine participated on behalf of ConcealFab; Jeffrey S. Pagliua, Laura A. Menninger and Alan D. Schindler participated on behalf of Sabre and MUTI.

c. Statement as to when Fed.R.Civ.P. 26(a)(1) disclosures were made or will be made: The parties will exchange Fed.R.Civ.P. 26(a)(1) disclosures by December 10, 2015.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): None.

e. Statement concerning any agreement to conduct informal discovery: None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: ~~None at this time~~. Parties shall use a unified exh. numbering system for depositions.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensively electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: A significant portion of the disclosures and discovery in this case contains records stored or maintained in electronic form. Parties shall adhere to Sedona principles regarding electronic discovery disputes.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: Pre-litigation settlement discussions occurred. The parties agree that mediation at a mutually convenient date would be appropriate.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: ~~None~~ 10 depos per side 25 rogs per side

b. Limitations which any party proposes on the length of depositions: ~~None~~

One day of 7 hrs per witness, absent further leave of court.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: ~~None~~ 25 rfps per side 25 rfas per side

d. Other Planning or Discovery Orders: ~~None~~ See Order # 7 at p. 2, section E. 1.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: March 7, 2016

b. Discovery Cut-Off: ~~Lay witness discovery by September 6, 2016; expert witness discovery by October 6, 2016.~~ June 30, 2016 → mean deadline to complete discovery + to file discovery motions

c. Dispositive Motions Deadline: ~~November 7, 2016~~ July 31, 2016

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any:

   a. Plaintiff anticipates calling an economic or accounting expert to testify regarding the damages it has sustained as a result of Defendants' conduct, and an expert in the Small Cell, Distributed Antennae System and outdoor Distributed Antennae System segments of the telecom market to testify regarding ConcealFab's Confidential Information and trade secrets.

   b. Defendants anticipate calling any expert necessary to rebut the opinions offered by any expert endorsed by Plaintiff, and an economic or accounting expert to testify in support of any counterclaims raised by Defendants.



FI6214

2. Limitations which the parties propose on the use or number of expert witnesses: The parties shall not designate more than one expert per side in any subject matter.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(1) on or before May 15, 2016 ~~July 28, 2016.~~ [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(C)].

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(1) on or before June 15, 2016 ~~September 1, 2016.~~ [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(C)].

5. Identification of Persons to be Deposed:

a. By Plaintiff:

| Name | Estimated Time |
|---|---|
| Fed.R.Civ.P. 30(b)(6) representative of Sabre | 7 hours |
| Fed.R.Civ.P. 30(b)(6) representative of MUTI | 7 hours |
| Peter Sandore | 7 hours |

| | |
|---|---|
| Patrick Cochran | 3 hours |
| Tim Rossetti | 5 hours |
| Tony Sabatino | 3 hours |
| Douglas Huff | 3 hours |
| Michael Slattery | 7 hours |
| Any expert disclosed by Defendants | 4 hours |

b. By Defendants:

| Name | Estimated Time |
|---|---|
| Fed.R.Civ.P. 30(b)(6) representative of ConcealFab | 7 hours |
| Jonathan Fitzhugh | 7 hours |
| Chris Odell | 3 hours |
| Duncan Stewart | 3 hours |
| Marvin R. Wolgast, Jr. | 3 hours |
| Any other relevant ConcealFab employee or shareholder yet to be discovered | 3 hours |
| Any expert disclosed by Defendants | 7 hours |
| Michael Slattery | 7 hours |

6. Deadline for service of Interrogatories: ~~August 4, 2016~~ 45 days before discovery deadline

7. Deadline for service of Requests for Production of Documents and/or Admissions: ~~August 4, 2016~~ 45 days before discovery deadline

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: As needed.

b. A final pretrial conference will be held in this case on Nov. 9, 2016 at 10:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury: The parties anticipate a five-day jury trial.

c. Identify pretrial proceedings, if any, that the parties may believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 403 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado: None.

## 12. NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to the case.

**13. AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this 10th day of December, 2015.

BY THE COURT:

United States Magistrate Judge Kristen L. Mix



FI6214

APPROVED:

*s/Angela D. DeVine*
Thomas M. Haskins III
Martin D. Beier
Angela D. DeVine
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
Phone: (303) 399-3000

ATTORNEYS FOR PLAINTIFF

*s/Alan D. Schindler*
Laura A. Menninger
Jeffrey S. Pagliuca
Alan D. Schindler
Haddon Morgan and Foreman PC
150 East 10th Avenue
Denver, CO 80203
Phone: (303)831-7364

ATTORNEYS FOR DEFENDANTS