IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01793-CMA-KLM

CONCEALFAB CORPORATION, a Colorado corporation,

Plaintiff,

v.

SABRE INDUSTRIES, INC., a Delaware corporation, and MIDWEST UNDERGROUND TECHNOLOGY, INC., an Illinois corporation,

Defendants.

---

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

---

Plaintiff ConcealFab Corporation ("ConcealFab"), by its attorneys Silver & DeBoskey, A Professional Corporation, hereby files its Answer to Defendants' Counterclaims as follows:

**ANSWER TO COUNTERCLAIMS**

1. Paragraph 1 of the Counterclaims purports to incorporate the responses to 116 paragraphs of allegations, which makes this allegation incapable of understanding. Accordingly, ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 1 of the Counterclaims and, as a result, denies the same.

2. ConcealFab admits the allegations contained in paragraph 2 of the Counterclaims.

3. ConcealFab admits the allegations contained in paragraph 3 of the Counterclaims.

4. With respect to the allegations contained in paragraph 4 of the Counterclaims, ConcealFab states that its principal place of business is 3525 North Cascade Avenue, Colorado Springs, Colorado 80907.

5. With respect to the allegations contained in paragraph 5 of the Counterclaims, ConcealFab admits that this Court has subject matter jurisdiction.

6. With respect to the allegations contained in paragraph 6 of the Counterclaims, ConcealFab admits that this Court has personal jurisdiction.

7. With respect to the allegations contained in paragraph 7 of the Counterclaims, ConcealFab admits that venue is properly before this Court.

**General Allegations**

8. With respect to the allegations contained in paragraph 8 of the Counterclaims, ConcealFab admits that Sabre is a producer of engineering towers, poles and related services used for electric transmission and distribution and wireless telecommunication. ConcealFab denies the remaining allegations contained in paragraph 8 of the Counterclaims.

9. With respect to the allegations contained in paragraph 9 of the Counterclaims, ConcealFab admits that MUTI is a wholly-owned subsidiary of Sabre. ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 9 of the Counterclaims and, as a result, denies the same.

10. With respect to the allegations contained in paragraph 10 of the Counterclaims, ConcealFab admits that it, Sabre and MUTI are competitors in the Small Cell, Distributed Antennae System and outdoor Distributed Antennae System segments of the telecommunications industry. ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 10 of the Counterclaims and, as a result, denies the same.

11. With respect to the allegations contained in paragraph 11 of the Counterclaims, ConcealFab admits that it began discussing a potential strategic alliance with Sabre in 2014. ConcealFab denies the remaining allegations contained in paragraph 11 of the Counterclaims.

12. With respect to the allegations contained in paragraph 12 of the Counterclaims, ConcealFab admits that it and Sabre executed a Mutual Non-Disclosure Agreement. ConcealFab denies the remaining allegations contained in paragraph 12 of the Counterclaims.

13. ConcealFab admits the allegations contained in paragraph 13 of the Counterclaims.

14. ConcealFab denies the allegations contained in paragraph 14 of the Counterclaims.

15. ConcealFab denies the allegations contained in paragraph 15 of the Counterclaims.

16. ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Counterclaims and, as a result, denies the same.

17. With respect to the allegations contained in paragraph 17 of the Counterclaims, ConcealFab admits that Sabre delivered a fully-executed Term Sheet on February 4, 2016. With respect to the remaining allegations contained in paragraph 17 of the Counterclaims, ConcealFab states that the terms of the Term Sheet speak for themselves, and deny Defendants' characterization of the Term Sheet and all allegations contrary to its terms.

18. With respect to the allegations contained in paragraph 17 of the Counterclaims, ConcealFab admits that Jon Fitzhugh provided a draft licensing operating agreement to Doug

Huff. ConcealFab denies the remaining allegations contained in paragraph 18 of the Counterclaims.

19. ConcealFab denies the allegations contained in paragraph 19 of the Counterclaims.

20. ConcealFab denies the allegations contained in paragraph 20 of the Counterclaims.

21. With respect to the allegations contained in paragraph 21 of the Counterclaims, ConcealFab admits that Jonathan Fitzhugh sent an email that one unforecasted opportunity in the amount of $300,000 looked promising. ConcealFab denies the remaining allegations contained in paragraph 21 of the Counterclaims.

22. ConcealFab denies the allegations contained in paragraph 22 of the Counterclaims.

23. ConcealFab admits the allegations contained in paragraph 23 of the Counterclaims.

24. With respect to the allegations contained in paragraph 24 of the Counterclaims, ConcealFab admits that the initial term of the LOA was from execution through August 30, 2015. ConcealFab denies the remaining allegations contained in paragraph 24 of the Counterclaims.

25. ConcealFab denies the allegations contained in paragraph 25 of the Counterclaims.

26. ConcealFab denies the allegations contained in paragraph 26 of the Counterclaims.

27. ConcealFab denies the allegations contained in paragraph 27 of the Counterclaims.

28. ConcealFab admits the allegations contained in paragraph 28 of the Counterclaims.

29. ConcealFab denies the allegations contained in paragraph 29 of the Counterclaims.

30. ConcealFab denies the allegations contained in paragraph 30 of the Counterclaims.

31. With respect to the allegations contained in paragraph 31 of the Counterclaims, ConcealFab admits that Michael Slattery is its former chief executive officer and that he did not vote to approve the LOA. ConcealFab denies the remaining allegations contained in paragraph 31 of the Counterclaims.

32. With respect to the allegations contained in paragraph 32 of the Counterclaims, ConcealFab admits that it delivered an executed LOA to Defendants on or about March 13, 2015. ConcealFab denies the remaining allegations contained in paragraph 32 of the Counterclaims.

33. ConcealFab denies the allegations contained in paragraph 33 of the Counterclaims.

34. With respect to the allegations contained in paragraph 34 of the Counterclaims, ConcealFab admits that Sabre began performing under some terms of the LOA. ConcealFab denies the remaining allegations contained in paragraph 34 of the Counterclaims.

35. ConcealFab admits the allegations contained in paragraph 35 of the Counterclaims.

36. With respect to the allegations contained in paragraph 36 of the Counterclaims, ConcealFab admits that the employment agreement was not executed. ConcealFab denies the remainder of the allegations contained in paragraph 36 of the Counterclaims.

37. ConcealFab admits the allegations contained in paragraph 37 of the Counterclaims.

38. ConcealFab admits the allegations contained in paragraph 38 of the Counterclaims.

39. With respect to the allegations contained in paragraph 39 of the Counterclaims, ConcealFab admits that Sabre was to provide all working capital for the combined entity, Sabre EPG. ConcealFab denies the remaining allegations contained in paragraph 39 of the Counterclaims.

40. With respect to the allegations contained in paragraph 40 of the Counterclaims, ConcealFab admits that Sabre was to pay up to $250,000 to satisfy ConcealFab's obligations under a consulting agreement with Michael Slattery, and that Sabre made payments of $12,000 in March 2015 and April 2015. ConcealFab denies the remainder of the allegations contained in paragraph 40 of the Counterclaims.

41. ConcealFab admits the allegations contained in paragraph 41 of the Counterclaims.

42. With respect to the allegations contained in paragraph 42 of the Counterclaims, ConcealFab admits that the LOA provided that certain amounts Sabre paid to ConcealFab would

revert to a one-year note due to Sabre, with an interest rate "to be determined at the formal execution of the LOA," and guaranteed by all ConcealFab intellectual property, in the event the LOA was terminated. ConcealFab denies the remainder of the allegations contained in paragraph 42 of the Counterclaims.

43. ConcealFab denies the allegations contained in paragraph 43 of the Counterclaims.

44. With respect to the allegations contained in paragraph 44 of the Counterclaims, ConcealFab admits that, on May 9, 2015, it disclosed to Sabre a letter from Michael Slattery to ConcealFab dated May 7, 2015, the content of which speaks for itself. ConcealFab denies the remaining allegations contained in paragraph 44.

45. ConcealFab denies the allegations contained in paragraph 45 of the Counterclaims.

46. ConcealFab denies the allegations contained in paragraph 46 of the Counterclaims.

47. With respect to the allegations contained in paragraph 47 of the Counterclaims, ConcealFab admits that Sabre delivered a promissory note in the amount of $621,559.30 on or about May 28, 2015. ConcealFab denies the remaining allegations contained in paragraph 47 of the Counterclaims.

48. ConcealFab admits the allegations contained in paragraph 48 of the Counterclaims.

49. With respect to the allegations contained in paragraph 49 of the Counterclaims, ConcealFab admits that Sabre terminated the Term Sheet and LOA by letter dated June 3, 2015. ConcealFab denies the remaining allegations contained in paragraph 49 of the Counterclaims.

50. With respect to the allegations contained in paragraph 50 of the Counterclaims, ConcealFab admits that Sabre recorded a UCC-1 Financing Statement with the Colorado Secretary of State, alleging a right in "all right, title and interests of [ConcealFab] in any Intellectual Property" on May 27, 2015. ConcealFab denies the remaining allegations contained in paragraph 50 of the Counterclaims.

51. ConcealFab denies the allegations contained in paragraph 51 of the Counterclaims.

52. With respect to the allegations contained in paragraph 52 of the Counterclaims, ConcealFab admits that Sabre received a purchase order from Cincinnati Bell for a bracket mounting system. ConcealFab denies the remaining allegations contained in paragraph 52 of the Counterclaims.

53. ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the Counterclaims and, as a result, denies the same.

54. With respect to the allegations contained in paragraph 54 of the Counterclaims, ConcealFab admits that Sabre has the right to sell bracket mounting systems so long as such sales do not violate the LOA or the Non-Disclosure Agreement. ConcealFab denies the remaining allegations contained in paragraph 54 of the Counterclaims.

55. ConcealFab denies the allegations contained in paragraph 55 of the Counterclaims.

**First Counterclaim**
**(Fraudulent Inducement)**

56. ConcealFab incorporates its responses to the allegations contained in paragraphs 1 through 54 of the Counterclaims herein.

57. ConcealFab denies the allegations contained in paragraph 57(a)-(d) of the Counterclaims.

58. ConcealFab denies the allegations contained in paragraph 58 of the Counterclaims.

59. ConcealFab denies the allegations contained in paragraph 59 of the Counterclaims.

60. ConcealFab denies the allegations contained in paragraph 60 of the Counterclaims.

61. ConcealFab denies the allegations contained in paragraph 61 of the Counterclaims.

**Second Counterclaim**
**(Unjust Enrichment)**

62. ConcealFab incorporates its responses to the allegations contained in paragraphs 1 through 61 of the Counterclaims herein.

63. ConcealFab denies the allegations contained in paragraph 63 of the Counterclaims.

64. With respect to the allegations contained in paragraph 64 of the Counterclaims, ConcealFab admits the allegations contained in subparts (a), (b), (c) and (d). ConcealFab denies the allegations contained in subparts (e) and (g). ConcealFab lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in subpart (f) and, as a result, denies the same.

65. ConcealFab denies the allegations contained in paragraph 65 of the Counterclaims.

66. ConcealFab denies the allegations contained in paragraph 66 of the Counterclaims.

**Third Counterclaim**
**(Trade Disparagement)**

67. ConcealFab incorporates its responses to the allegations contained in paragraphs 1 through 66 of the Counterclaims herein.

68. ConcealFab denies the allegations contained in paragraph 68 of the Counterclaims.

69. ConcealFab denies the allegations contained in paragraph 69 of the Counterclaims.

70. ConcealFab denies the allegations contained in paragraph 70 of the Counterclaims.

71. ConcealFab denies the allegations contained in paragraph 71 of the Counterclaims.

**Fourth Counterclaim**
**(Tortious Interference with Contractual Relations)**

72. ConcealFab incorporates its responses to the allegations contained in paragraphs 1 through 71 of the Counterclaims herein.

73. With respect to the allegations contained in paragraph 73 of the Counterclaims, ConcealFab admits that Sabre received a purchase order from Cincinnati Bell for a bracket mounting system. ConcealFab denies the remaining allegations contained in paragraph 73 of the Counterclaims.

74. ConcealFab denies the allegations contained in paragraph 74 of the Counterclaims.

75. ConcealFab denies the allegations contained in paragraph 75 of the Counterclaims.

76. ConcealFab denies the allegations contained in paragraph 76 of the Counterclaims.

**Fifth Counterclaim**
**(Breach of Contract)**

77. ConcealFab incorporates its responses to the allegations contained in paragraphs 1 through 76 of the Counterclaims herein.

78. ConcealFab denies the allegations contained in paragraph 78 of the Counterclaims.

79. With respect to the allegations contained in paragraph 79 of the Counterclaims, ConcealFab denies the allegations contained in subparts (a), (b) and (c). ConcealFab lacks

knowledge or information sufficient to form a belief about the truth of the allegations contained subpart (d) and, as a result, denies the same.

80. ConcealFab denies the allegations contained in paragraph 80 of the Counterclaims.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

1. Defendants' Counterclaims fail to state claims upon which relief may be granted.

2. Defendants' Counterclaims are barred because of their failure to satisfy one or more conditions precedent.

3. Defendants' Counterclaims are barred by the doctrines of waiver, estoppel and laches.

4. Defendants' Counterclaims are barred by the doctrine of accord and satisfaction.

5. Defendants' Counterclaims are barred by their own prior breaches of contract.

6. Defendants' Counterclaims may be subject to, limited by, and/or barred by the economic loss rule.

7. Defendants' Counterclaims are barred by the doctrine of unclean hands.

8. Defendants' Counterclaims are barred by their failure to mitigate their damages, if any.

9. To the extent that discovery, the parties' continuing investigations, and/or trial preparation reveal the existence of any other affirmative defenses, ConcealFab reserves its right to assert such additional affirmative defenses.

WHEREFORE, Plaintiff ConcealFab Corporation respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants Sabre Industries, Inc. and Midwest

Underground Technology, Inc., award ConcealFab compensatory damages against Defendants for the amounts proven at trial and to the fullest extent provided by law; declare the UCC-1 Financing Statement Sabre recorded with the Colorado Secretary of State invalid; award ConcealFab its costs and attorneys' fees against Defendants; and grant Plaintiff such other and further relief as may be required by law or equity.

Dated: July 26, 2016

Respectfully submitted,

By: *s/Angela D. DeVine*

Thomas M. Haskins III
Martin D. Beier
Angela D. DeVine
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
Phone: (303) 399-3000
FAX: (303) 399-2650
haskinst@s-d.com
beierm@s-d.com
devinea@s-d.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2016 a true and correct copy of **PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS** was filed with the Court using the CM/ECF system, which will serve the document electonically to the following:

Laura Menninger
Jeffrey S. Pagliuca
Alan D. Schindler
Haddon Morgan and Foreman PC
150 East 10th Avenue
Denver, CO 80203

*s/Julie Kiltz*

FW6783