IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01793-CMA-KLM

CONCEALFAB CORPORATION, a Colorado corporation,

Plaintiff,

v.

SABRE INDUSTRIES, INC., a Delaware corporation, and MIDWEST UNDERGROUND TECHNOLOGY, INC., an Illinois corporation,

Defendants.

---

# REVISED SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference occurred on August 30, 2016. Angela D. DeVine appeared on behalf of Plaintiff ConcealFab Corporation ("ConcealFab"). Jeffrey S. Pagliuca, Laura A. Menninger and Alan D. Schindler appeared on behalf of Defendants Sabre Industries, Inc. ("Sabre") and Midwest Underground Technologies, Inc. ("MUTI").

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court also has jurisdiction to render declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's Statement of Claims:** ConcealFab and Sabre/MUTI are competitors that discussed combining their businesses. In connection with those discussions, ConcealFab and Sabre/MUTI entered into several agreements: (1) a Mutual Non-Disclosure Agreement ("NDA") requiring both parties to keep in confidence all "Confidential Information" they learned during their discussions, and prohibiting either party from using such information for any purpose other than evaluating and engaging in discussion regarding their potential business relationship; (2) an Employment Agreement with ConcealFab Chief Executive Officer Jonathan Fitzhugh in which Sabre/MUTI agreed to pay him a signing bonus of $125,000 within 30 days of being hired and $300,000 in the event he was terminated without cause; and (3) a Term Sheet outlining the key categories and terms from which a definitive agreement to combine the two businesses would be developed. Following execution of the Term Sheet and several weeks of inactivity by Sabre/MUTI, however, Sabre/MUTI informed ConcealFab that it wanted to re-structure the agreement. Sabre/MUTI proposed a Licensing Operating Agreement ("LOA"), purportedly to allow the companies to operate jointly until a definitive agreement to combine the two businesses was in place. In actuality, Sabre/MUTI proposed the LOA in order to gain access and rights to ConcealFab's Confidential Information and trade secrets without the necessity of performing pursuant to the Term Sheet. After more than two months of access to ConcealFab's Confidential Information and trade secrets—and without performing its duties under the LOA—Sabre/MUTI terminated the LOA for pretextual reasons. Since then, Sabre/MUTI has used ConcealFab's Confidential Information and trade secrets to pursue ConcealFab's business opportunities for itself. ConcealFab asserts claims for breach of the NDA, LOA and

Employment Agreement, breach of the implied covenant of good faith and fair dealing implied in the LOA, breach of fiduciary duty arising from their joint venture under the LOA, misappropriation of trade secrets, tortious interference with contractual and prospective business relations, trade disparagement, fraud in the inducement and unjust enrichment. ConcealFab also seeks a declaration that a UCC-1 Financing Statement recorded by Sabre is invalid.

ConcealFab denies the allegations contained in Defendants' Counterclaims, and affirmatively asserts that they are barred in whole or in part by Defendants' failure to satisfy one or more conditions precedent, by the doctrines of waiver, estoppel and laches, by the doctrine of accord and satisfaction, by Defendants' own prior breaches of contract, by the economic loss rule, by the doctrine of unclean hands, and by Defendants' failure to mitigate their damages, if any.

b. **Defendants' Statement of Claims and Defenses:** Sabre and MUTI deny the allegations in Plaintiff's Amended Complaint and affirmatively assert that Plaintiff's claims related to the LOA and Employment Agreement are barred in whole ~~by Plaintiff~~s due to the failure by Plaintiff's to establish the existence of a valid and enforceable contract. Defendants' further assert that Plaintiff's claims are barred in whole, or in part by the doctrine of unclean hands, Plaintiff's own fraudulent conduct, Plaintiff's failure to mitigate damages, if any, and by the economic loss rule.

Defendants have counterclaimed against Concealfab, alleging that ConcealFab, through a series of misrepresentations, fraudulently induced Sabre into performing according to an agreement that ultimately was revealed to be void ab initio. Sabre is a leading producer of highly engineered structures used for electronic transmission and distribution and wireless

telecommunication, offering a complete range of engineering towers, poles and related services. MUTI is a wholly-owned subsidiary of Sabre that installs, inspects, services and maintains the products produced by Sabre. Sabre and ConcealFab are competitors in a niche market of the telecom industry, which represents part of Sabre's overall portfolio. From November 2014 through February 2015, Sabre and ConcealFab negotiated the terms of a potential agreement to combine the two entities. Throughout those negotiations, ConcealFab made several material misrepresentations to Sabre that induced Sabre into pursuing such a transaction. Ultimately, after performing on what Sabre believed to be a valid interim operating agreement, Sabre learned of ConcealFab's multiple misrepresentations. Prior to learning this information, Sabre provided ConcealFab with considerable benefits, including the payment of ConcealFab's payroll, payment of ConcealFab licensing fees, payments of ConcealFab's obligations to its former CEO, payments of ConcealFab working capital, and additional miscellaneous payments. Upon learning that Sabre did not validly enter into the interim operating agreement, Sabre discontinued its relationship with ConcealFab, and filed a UCC-1 to protect its interests in the payments made to ConcealFab during the pendency of the void interim agreement. Sabre also continued to operate in the market as it had done previous to its relationship with ConcealFab. ConcealFab, in an attempt to interfere with Sabre's existing and potential contractual relations, has made false and disparaging comments to Sabre customers. Based on this conduct, Sabre asserts claims of fraudulent inducement, unjust enrichment, trade disparagement, tortious interference with contractual relations, and, in the alternative, breach of contract relating to ConcealFab's breaches of the invalid interim operating agreement.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. ConcealFab is a Colorado corporation with a principal place of business at 3275 Fillmore Ridge Heights, Colorado Springs, Colorado 80907.

b. Sabre is a Delaware corporation with a principal place of business at 8653 East Highway 67, Alvaredo, Texas 76009.

c. MUTI is an Illinois corporation authorized to conduct business in Colorado, with a principal place of business at 2626 Midwest Court, Champaign, Illinois 61822. MUTI is a wholly-owned subsidiary or division of Sabre.

d. ConcealFab and Sabre/MUTI are competitors in the Small Cell, Distributed Antennae System and outdoor Distributed Antennae System segments of the telecom market, and each has product lines, customer relationship and intellectual property.

e. ConcealFab and Sabre/MUTI began discussions in 2014 to combine the two businesses.

f. ConcealFab and Sabre/MUTI executed a Mutual Non-Disclosure Agreement.

g. From November 2014 to February 2015, ConcealFab and Sabre/MUTI exchanged drafts of a Term Sheet outlining the key terms from which a definitive agreement to combine the two entities would be developed.

h. ConcealFab and Sabre/MUTI executed a Term Sheet on or about February 3, 2015.

i. Under the LOA, Jon Fitzhugh and other agreed-upon employees were to be terminated from ConcealFab as of an agreed upon date and become employees of Sabre/MUTI.

Following the to-be-decided hire date, Sabre/MUTI was to be responsible for any and all liabilities of such employees.

j. On May 27, 2015, Sabre/MUTI recorded a UCC-1 Financing Statement with the Colorado Secretary of State, alleging a right in "all right, title and interests of [ConcealFab] in any Intellectual Property."

k. No promissory note exists between Sabre/MUTI and ConcealFab.

l. On July 24, 2015, ConcealFab demanded that Sabre terminate its UCC-1 Financing Statement. To date, Sabre has refused to do so.

**5. COMPUTATION OF DAMAGES**

a. ConcealFab claims the following damages:

(1) Breach of Employment Agreement: $425,000.

(2) Unpaid Portion of Money Earmarked for Michael Slattery: $96,000.

(3) Attorneys' Fees Incurred to Date and to be Incurred in *Michael Slattery v. ConcealFab Corporation, Jonathan Fitzhugh, Duncan Stewart and Chris Odell*, El Paso County District Court, Case No. 2015CV31900: $74,477.90.

(4) Non-Payment of Expenses Incurred during LOA: approximately $75,000.

(5) Defendants' Fulfillment of Outstanding Customer Orders: $87,500.

(6) Damage to ConcealFab's Borrowing Capacity: approximately $90,000.

(7) Trade Defamation: approximately $1,050,000.

(8) Intentional Interference with Prospective Business Relations: at least $35,950.

(9) Misappropriation of Trade Secrets: TBD.

(10) Pre- and post-judgment interest, costs and attorney fees to be determined post-trial.

b. Sabre and MUTI claim the following damages:

(1) Unjust enrichment: $650,000.

(2) Trade Disparagement: TBD

(3) Tortious Interference with Contractual Relations: TBD

(4) Pre- and post-judgment interest, costs and attorney fees to be determined post-trial.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(F)

a. Date of Fed.R.Civ.P. 26(f) meetings: December 2, 2015 and August 9, 2016.

b. Names of each participant and party he/she represented: Martin D. Beier and Angela D. DeVine participated on behalf of ConcealFab; Jeffrey S. Pagliua, Laura A. Menninger and Alan D. Schindler participated on behalf of Sabre and MUTI during the December 2, 2015 meeting. Angela D. DeVine participated on behalf of ConcealFab, and Alan D. Schindler participated on behalf of Sabre and MUTI on August 9, 2016.

c. Statement as to when Fed.R.Civ.P. 26(a)(1) disclosures were made or will be made: The parties exchanged their Fed.R.Civ.P. 26(a)(1) disclosures on December 9, 2015 and December 10, 2015.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): None.

e. Statement concerning any agreement to conduct informal discovery: None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: ~~None at this time~~.

Parties shall use a unified exhibit numbering system for depositions.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensively electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: A significant portion of the disclosures and discovery in this case contains records stored or maintained in electronic form. See Addendum.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties shall participate in mediation on a mutually convenient date and with a mutually agreeable mediator no later than December 1, 2016.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: ~~None~~ 10 depos per side 25 rogs per side

b. Limitations which any party proposes on the length of depositions: ~~None~~ One day of 7 hrs per witness, absent further leave of ct.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: ~~None~~ 25 rfps per side 25 rfas per side

d. Other Planning or Discovery Orders: ~~None~~ See Addendum

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: March 7, 201~~6~~7

b. Discovery Cut-Off: March 31, 2017

c. Dispositive Motions Deadline: April 28, 2017

d. Expert Witness Disclosure:

(1) The parties shall identify anticipated fields of expert testimony, if any:

a. Plaintiff anticipates calling an economic or accounting expert to testify regarding the damages it has sustained as a result of Defendants' conduct, and an expert in the Small Cell, Distributed Antennae System and outdoor Distributed Antennae System segments of the telecom market to testify regarding ConcealFab's Confidential Information and trade secrets. Plaintiff anticipates calling any expert necessary to rebut the opinions offered by any expert endorsed by Defendants in support of their counterclaims.

b. Defendants anticipate calling any expert necessary to rebut the opinions offered by any expert endorsed by Plaintiff, and an economic or accounting expert to testify in support of any counterclaims raised by Defendants.

(2) Limitations which the parties propose on the use or number of expert witnesses: The parties shall not designate more than one expert per side in any subject matter, and shall be entitled to two expert witnesses overall, absent further leave of ct.

(3) The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(1) on or before December 30, 2016. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(C)].

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(1) on or before January 31, 201~~6~~7. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Fed.R.Civ.P. 26(a)(2)(C)].

(5) Identification of Persons to be Deposed:

a. By Plaintiff:

| **Name** | **Estimated Time** |
|---|---|
| Fed.R.Civ.P. 30(b)(6) representative of Sabre | 7 hours |
| Fed.R.Civ.P. 30(b)(6) representative of MUTI | 7 hours |
| Peter Sandore | 7 hours |
| Patrick Cochran | 3 hours |
| Tim Rossetti | 5 hours |
| Tony Sabatino | 3 hours |
| Douglas Huff | 3 hours |
| Michael Slattery | 7 hours |
| Any expert disclosed by Defendants | 4 hours |

b. By Defendants:

| Name | Estimated Time |
|---|---|
| Fed.R.Civ.P. 30(b)(6) representative of ConcealFab | 7 hours |
| Jonathan Fitzhugh | 7 hours |
| Chris Odell | 3 hours |
| Duncan Stewart | 3 hours |
| Marvin R. Wolgast, Jr. | 3 hours |
| Any other relevant ConcealFab employee or shareholder yet to be discovered | 3 hours |
| Any expert disclosed by Defendants | 7 hours |
| Michael Slattery | 7 hours |

(6) Deadline for [served] Interrogatories: ~~April 24~~ Feb. 17, 2017

(7) Deadline for [served] Requests for Production of Documents and/or Admissions: ~~April 24~~ Feb. 17, 2017

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times: As needed.

b. A final pretrial conference will be held in this case on August 21, 2017 at 10:00 am o'clock _.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury: The parties anticipate a five-day jury trial.

c. Identify pretrial proceedings, if any, that the parties may believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 403 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado: None.

## 12. NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to the case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this 30th day of August, 2016.

BY THE COURT:

United States Magistrate Judge Kristen L. Mix

APPROVED:

*s/Angela D. DeVine*
Thomas M. Haskins III
Martin D. Beier
Angela D. DeVine
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
Phone: (303) 399-3000

ATTORNEYS FOR PLAINTIFF

*s/Alan D. Schindler*
Laura A. Menninger
Jeffrey S. Pagliuca
Alan D. Schindler
Haddon Morgan and Foreman PC
150 East 10th Avenue
Denver, CO 80203
Phone: (303) 831-7364

ATTORNEYS FOR DEFENDANTS

FY2538

Civil Action No. 15-cv-1793-CMA-KLM

## ADDENDUM TO SCHEDULING ORDER

IT IS HEREBY **ORDERED** as follows:

1. The parties shall adhere to the Sedona Principles regarding disputes relating to electronic discovery. See www.thesedonaconference.org.

2. The discovery cut-off date is the deadline for completing discovery *and* the deadline for making discovery motions.

3. The parties shall file a proposed Order under F.R.E 502(d) on or before September 8, 2016

4. The parties shall file a joint status report explaining in detail their efforts to settle the case on or before March 8, 2017

5. All discovery motions shall be made in compliance with Magistrate Judge Mix's discovery procedures. See www.cod.uscourts.gov.

Dated: August 30, 2016

Kristen L. Mix
United States Magistrate Judge