# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 15-cv-01793-CMA-KLM

CONCEALFAB CORPORATION, a Colorado corporation,

      Plaintiff,

v.

SABRE INDUSTRIES, INC., a Delaware corporation, and
MIDWEST UNDERGROUND TECHNOLOGY, INC., an Illinois corporation,

      Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

This matter is before the Court on Plaintiff's Motion for Partial Summary

Judgment (Doc. # 94) and Defendants' Motion for Partial Summary Judgment (Doc.

# 97).  For the reasons discussed herein, the Court grants Plaintiff's Motion for Partial

Summary Judgment, and grants in part and denies in part Defendants' Motion for Partial

Summary Judgment.

## I.    BACKGROUND

The following facts are undisputed.  Plaintiff ConcealFab Corporation

("ConcealFab") and Defendants Sabre Industries, Inc. and Midwest Underground

Technology, Inc. (collectively, "Sabre") participate in the small cell, distributed antenna

system ("DAS"), and outdoor distributed antenna system ("oDAS") segments of the

telecommunications market.  In 2014, the parties began discussions to merge their

businesses and, thereafter, negotiated several contracts, including a Mutual Non-Disclosure Agreement ("NDA"), a Term Sheet, an Interim Plan/Licensing Operating Agreement ("LOA"), and an Employment Agreement between ConcealFab's CEO and Sabre. The NDA, Term Sheet, and LOA were executed on August 4, 2014, February 3, 2015, and March 13, 2015, respectively. The Employment Agreement, however, was never fully executed. (Doc. # 97 at 4.)

On May 27, 2015, Sabre recorded a UCC-1 Financing Statement ("UCC Lien") with the Colorado Secretary of State encumbering ConcealFab's intellectual property. On May 28, 2015, Sabre delivered to ConcealFab a draft promissory note pursuant to which ConcealFab committed to paying $621,559.30 to Sabre. ConcealFab refused to sign the note. On June 3, 2015, Sabre terminated the LOA, which effectively dissolved the parties' cooperative arrangement. On July 24, 2015, ConcealFab demanded that Sabre terminate its UCC Lien, but Sabre refused to do so.

The operative complaint in this case is ConcealFab's First Amended Complaint, filed on June 13, 2016. (Doc. ## 1, 68.) ConcealFab alleges that Sabre never intended to complete the merger contemplated by the Term Sheet and used the LOA as a means of obtaining access to ConcealFab's confidential and propriety information in order to unfairly compete with ConcealFab. (*Id.*) Specifically, ConcealFab's Amended Complaint alleges the following claims: (1) breach of contract – NDA; (2) breach of contract – LOA; (3) breach of implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) misappropriation of trade secrets; (6) tortious interference with contractual relationships; (7) tortious interference with prospective business relations;

(8) trade disparagement; (9) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the UCC Lien is invalid; (10) fraud in the inducement; (11) unjust enrichment; and (12) breach of contract – Employment Agreement.  (Doc. # 68.)

On July 5, 2016, Sabre filed its Answer, denying every allegation.  (Doc. # 70.) Sabre brings counterclaims against ConcealFab for (1) fraudulent inducement; (2) unjust enrichment; (3) trade disparagement; (4) tortious interference with contractual relations; and (5) breach of contract – LOA.  (*Id*.)

On April 28, 2017, ConcealFab moved for partial summary judgment on its declaratory judgment claim (Claim 9) and Sabre's fraudulent inducement claim (Counterclaim 1).  (Doc. # 94.)  Also on April 28, 2017, Sabre moved for partial summary judgment on its breach of LOA counterclaim (Counterclaim 5) and all of ConcealFab's claims (Claims1–8, 10, 12), except the claims for unjust enrichment and declaratory judgment (Claims 9, 11).  (Doc. # 97.)  Both motions are ripe for determination.

## II.  STANDARD OF REVIEW

When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party.  *Hinsdale v. City of Liberal*, 19 F. App'x 749, 754 (10th Cir. 2001).  Summary judgment is warranted when the movant shows that there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law.  *DP-Tek, Inc. v. AT&T Glob. Info. Sols. Co.*, 100 F.3d 828, 831 (10th Cir. 1996).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v.*

*Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). In attempting to meet this standard, however, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the non-moving party's claim. Rather, the movant need simply point out to the Court a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). After the movant has met its initial burden, the non-moving party must provide "significantly probative evidence" that would support a verdict in its favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).

## III.   ANALYSIS

Upon review of the parties' briefing and the evidence referenced therein, the Court finds that disputed issues of material fact preclude the Court from granting summary judgment as to all claims, except the three discussed below.

## A.   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### 1.   ConcealFab's Claim for Declaratory Judgment that the UCC Lien Is Invalid

ConcealFab requests that the Court declare Sabre's UCC Lien invalid because Sabre did not have an authenticated security agreement at the time it recorded the lien

with the Colorado Secretary of State, as is required by the Uniform Commercial Code. (Doc. # 94 at 4.)  Sabre responds that ConcealFab's request for declaratory judgment is moot because Sabre filed an amendment terminating the UCC Lien on the same day as filing its Response.[1]  (Doc. # 104-1 at 49–52.)  ConcealFab replies that its request for declaratory judgment is not moot because the voluntary cessation exception applies in that there is nothing preventing Sabre from re-recording the UCC Lien at a later date. (Doc. # 110 at 2–5.)

### a.     Mootness

The doctrine of mootness does not apply if a party who has voluntarily ceased an allegedly illegal practice is free to resume the practice at any time.  *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213–14 (10th Cir. 2015).  The voluntary cessation exception to mootness "exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct." *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008).

However, voluntary cessation may moot a claim if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010).  The defendant bears the "heavy burden of persuading" the Court that the challenged conduct cannot reasonably be expected to start up again.  *Id*. at 1116 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S.

---

[1] Sabre filed a UCC-3 Financing Statement Amendment terminating the UCC Lien on May 18, 2017 (Doc.  # 104-1 at 50) and filed its Response with the Court on May 18, 2017 (Doc. # 104).

167, 189 (2000)). Moreover, it must be clear that the defendant "has not changed course simply to deprive the court of jurisdiction." *Ind*, 801 F.3d at 1214.

Sabre fails to meet this burden. Sabre argues ConcealFab's claim is moot because it "has filed a UCC Termination . . . as to its previously filed lien." (Doc. # 104 at 3.) Sabre offers no further reason supporting its mootness argument and fails to persuade the Court that it would not file a subsequent UCC Lien encumbering ConcealFab's intellectual property, especially considering that it appears that the first lien was wrongfully filed and Sabre refused to terminate the lien until its response to this motion was due—nearly two years after ConcealFab's demand that required Sabre to do so. The Court finds that the voluntary cessation exception to the doctrine of mootness applies here. ConcealFab's request for declaratory judgment, which the Court now turns to, is not moot.

   b.  *The Validity of the UCC Lien*

Relevant to this case, a person may file a UCC-1 Financial Statement only if the "debtor authorizes the filing in an authenticated record" or "by authenticating or becoming bound as a debtor by a **security agreement**." Colo. Rev. Stat. §§ 4-9-509(a)(1), (b) (emphasis added). A security interest is enforceable against the debtor with respect to collateral if "[t]he debtor has authenticated a **security agreement** that provides a description of the collateral." Colo. Rev. Stat. § 4-9-203(b)(3)(A) (emphasis added); *see also Compass Bank v. Kone*, 134 P.3d 500, 502 (Colo. App. 2006) (discussing the statutory requirements for a security interest to be enforceable).

It is undisputed that Sabre filed the UCC Lien on May 27, 2015. However, there was no security agreement between Sabre and ConcealFab on May 27, 2015. The LOA stated, "If for some reason the LOA is terminated, the amounts paid related to these . . . obligations would revert to a 1-year note due Sabre guaranteed by all IP." (Doc. # 94-1 at 10–11.) Sabre did not terminate the LOA until June 3, 2015, and the LOA therefore did not revert into a note until June 3, 2015. Thus, when Sabre recorded the UCC Lien one week prior, on May 27, 2015, the LOA was not a note. Sabre had no security agreement binding ConcealFab as a debtor when it recorded the UCC Lien. Stated differently, there was no note or debt obligation to which the UCC Lien could attach. The UCC Lien is, and always has been, invalid as a matter of law. ConcealFab is therefore entitled to summary judgment on this claim.

2.  Sabre's Fraudulent Inducement Counterclaim

Sabre counterclaims that ConcealFab made several misrepresentations in order to induce it to enter into the LOA, including: (1) ConcealFab had upcoming purchase orders that would provide significant revenue; (2) ConcealFab had purchase orders that would provide considerable revenue; (3) ConcealFab would enter into a Hill Air Force Base ("Hill AFB") contract in March 2015, at the latest; (4) Conceal Fab stated the lifetime value of the Hill AFB contract was $21 million, when it knew it was $7.9 million; and (5) ConcealFab received 100% shareholder approval prior to entering into the LOA. (Doc. # 70 at 26–27.) ConcealFab moves for summary judgment on this counterclaim. (Doc. # 94 at 8–15.)

Under Colorado law, the elements of a claim for fraudulent inducement are: (1) the plaintiff's misrepresentation of a material fact; (2) the defendant's justifiable reliance on that representation; and (3) such reliance resulting in damage to the defendant. *Kirzhner v. Silverstein*, No. 09-cv-02858, 2011 WL 4382560, at *9 (D. Colo. Sept. 20, 2011) (citing *J.A. Walker Co., Inc. v. Cambria Corp.*, 159 P.3d 126, 132 (Colo. 2007)).

The Court agrees with ConcealFab's argument that Sabre's fraudulent inducement counterclaim fails as a matter of law. First, the first and second alleged representations about future revenue were not statements of past or existing facts. *See Moshner v. Long Beach Morg. Co.*, No. 12-cv-0729, 2014 WL 287441, at *3 (D. Colo. Jan. 27, 2014) (the plaintiff must show that the defendant made a false representation of a past or present fact). Under Colorado law, statements and projections regarding future profitability are "mere puffery" and cannot be the basis of any misrepresentation claim. *See Steak n Shake Enters., Inc. v. Globex Co., LLC*, 110 F. Supp. 3d 1057, 1083 (D. Colo. 2015).

Next, Sabre could not have justifiably relied upon the third and fourth alleged representations about contracting with Hill AFB. It is undisputed that on March 6, 2015, six days before Sabre entered into the LOA, ConcealFab informed Sabre that ConcealFab had lost the Hill AFB contract. (Doc. ## 94 at 13, 104 at 5.) Regardless of the lifetime value that ConcealFab purported the contract to be, Sabre was informed, before signing the LOA on March 13, 2015, that ConcealFab was not awarded the Hill AFB contract. (Doc. # 104 at 5.) Thus, Sabre could not have relied upon the third and fourth representations in entering into the LOA.

8

Similarly, with respect to the fifth representation about shareholder approval, it is undisputed that prior to entering into the LOA, ConcealFab informed Sabre by email on March 12, 2015, that a "majority"—and not 100%, as Sabre contends—of both shareholder classes had voted in favor of the LOA. (Doc. # 94-1 at 12.) Therefore, Sabre could not have relied upon the fifth representation in entering the LOA.

Because Sabre could not have justifiably relied upon these five representations as a matter of law, its counterclaim for fraudulent inducement fails. ConcealFab is therefore entitled to summary judgment on this counterclaim.

Though not asserted in Sabre's Counterclaim, Sabre attempts to introduce in its Response an additional counterclaim for fraudulent nondisclosure by alleging ConcealFab did not disclose the "true nature" of a consulting agreement that ConcealFab had with its former CEO. (Doc. # 104 at 6.) The Court rejects Sabre's newly introduced counterclaim because ConcealFab was at no point during litigation given fair notice of a fraudulent nondisclosure claim. *Bio Med Techs. Corp. v. Sorin CRM USA, Inc.*, No. 14-cv-0154, 2015 WL 4882572, at *8 (D. Colo. Aug. 17, 2015) (a claim or theory not adequately raised in the complaint typically will not be considered on summary judgment). Although the Court may interpret the inclusion of new allegations in a response to a summary judgment motion as a potential request by Sabre to amend its counterclaim, the Court declines to do so in this case.[2] (Doc. # 104 at 4.)

---

[2]To date, Sabre has not sought leave to amend its Counterclaim to assert a fraudulent nondisclosure claim, despite stating more than five months ago in footnote 1 of its Response that it intended to do so. *See* (Doc. # 104 at 4.)

9

For these reasons, ConcealFab is entitled to summary judgment on Sabre's fraudulent inducement counterclaim.

## B.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### 1.   ConcealFab's Trade Disparagement Claim

Sabre moves for summary judgment on ConcealFab's trade disparagement claim (Claim 7) on the grounds that ConcealFab lacks evidence to support the claim. (Doc. # 97 at 26–27); *see also* (Doc. # 68 at 16–17.)

Under Colorado law, a claim for disparagement consists of the following elements: (1) a false statement; (2) published to a third party; (3) derogatory to the plaintiff's business in general, to the title to his property, or its quality; (4) through which the defendant intended to cause harm to the plaintiff's pecuniary interest, or either recognized or should have recognized that it was likely to do so; (5) malice; and (6) special damages. *TMJ Implants, Inc. v. Aetna, Inc.*, 405 F. Supp. 2d 1241, 1249 (D. Colo. 2005) (citing *Teilhaber Mfg. Co. v. Unarco Materials Storage*, 791 P.2d 1164, 1166 (Colo. App. 1989)).

ConcealFab has not come forward with evidence to establish a genuine issue as to whether Sabre disparaged ConcealFab. Specifically, ConcealFab failed to meet its burden by failing to address the claim in its Response. (Doc. # 106.) As the non-moving party, ConcealFab "may not rest on his pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof." *Travis v. Park City Mun. Corp.*, 565 F.3d 1252,

1258 (10th Cir. 2009). Accordingly, Sabre is entitled to summary judgment on this claim.

## C.   REMAINING CLAIMS

With respect to the remaining claims at issue, the Court finds that disputed issues of material fact preclude the Court from granting summary judgment as to Sabre's counterclaim for breach of contract – LOA and ConcealFab's claims for (1) breach of contract – NDA; (2) breach of contract –LOA; (3) breach of implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) misappropriation of trade secrets, (6) tortious interference with contractual relations; (7) tortious interference with prospective business relations; (8) fraud in the inducement; and (9) breach of contract – Employment Agreement.

## V.   CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. # 94) is GRANTED as to its claim for declaratory judgment (Claim Eight) and to Sabre's counterclaim for fraudulent inducement (Counterclaim One).  It is

FURTHER ORDERED that Defendants' Motion for Partial Summary Judgment (Doc. # 97) is GRANTED IN PART AND DENIED IN PART.  It is GRANTED as to the claims for trade disparagement (Claim Five).  It is DENIED as to all other claims.

 DATED:  December 11, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge