IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-01793-CMA-KLM

CONCEALFAB CORPORATION, a Colorado corporation,

    Plaintiff,

v.

SABRE INDUSTRIES, INC., a Delaware corporation, and
MIDWEST UNDERGROUND TECHNOLOGY, INC., an Illinois corporation,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE PRE-JUDGMENT INTEREST**

---

This matter is before the Court upon Plaintiff ConcealFab Corporation's ("ConcealFab") Motion to Amend Judgment to Include Pre-Judgment Interest, which it filed pursuant to Federal Rule of Civil Procedure 59(e). (Doc. # 158.) For the reasons described herein, the Court grants ConcealFab's Motion and amends its Final Judgment to award Plaintiff prejudgment interest on its two breach of contract claims.

## I.     BACKGROUND

The Court's Findings of Fact and Conclusions of Law, issued July 22, 2019, thoroughly recites the factual and procedural background of this dispute and is incorporated herein by reference. (Doc. # 151.) Accordingly, this Order will reiterate only what is necessary to address ConcealFab's Motion.

In late March 2018, the Court presided over the three-day bench trial on ConcealFab's claims for: (1) breach of contract of the parties' Licensing Operating Agreement ("LOA") and of their Non-Disclosure Agreement; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) misappropriation of trade secrets; (5) tortious interference with contractual relationships; (6) tortious interference with prospective business relations; (7) fraud in the inducement; and (8) breach of contract of the Employment Agreement between ConcealFab's CEO and Defendant Sabre Industries, Inc., *see* (Doc. # 68 at 10–20); and on Defendants Sabre Industries, Inc. and Midwest Underground Technology, Inc.'s (together, "Sabre") counterclaims for: (1) unjust enrichment, and (2) breach of contract of the LOA, *see* (Doc. # 70 at 26–31). (Doc. ## 137–43.)

On July 22, 2019, the Court entered judgment in favor of ConcealFab on its claims for breach of contract of the LOA, breach of contract of the Employment Agreement, tortious interference with contractual relations, and fraud in the inducement. (Doc. # 151 at 68–69.) Relevant here, the Court awarded ConcealFab $366,897.54 in damages for Sabre's breach of the LOA and $150,000.00 in damages for Sabre's breach of the Employment Agreement. (*Id.* at 69 n.16.) The Court denied ConcealFab's other claims for relief (*id.* at 69), and it did not address ConcealFab's cursory request for prejudgment interest, *see generally* (*id.*; Doc. # 148 at 50). The Court entered judgment in Sabre's favor on its counterclaim for breach of contract of the LOA and denied Sabre's other claim. (*Id.*) It awarded Sabre $266,984.00 for ConcealFab's breach of the LOA, including prejudgment interest at the incremental borrowing rate of 11%. (*Id.* at

36–37.) Taking in account its resolution of all of the claims and counterclaims, the Court ordered Sabre to pay ConcealFab $224,913.54. (*Id.* at 69); *see* (Doc. # 152).

ConcealFab filed the instant Motion to Amend Judgment to Include Pre-Judgment Interest on August 19, 2019 (Doc. # 158), wherein ConcealFab moves the Court to amend its judgment pursuant to Fed. R. Civ. P. 59(e) to award ConcealFab prejudgment interest on its breach of contract claims under Colo. Rev. Stat. § 5-12-102(1). (*Id.* at 2.) Sabre responded in opposition to ConcealFab's Motion on August 27, 2019, arguing that the Court should deny the motion because (1) the Court has already considered and denied ConcealFab's request for prejudgment interest and (2) ConcealFab was not a prevailing party in the instant case. (Doc. # 160 at 2–5.) ConcealFab replied on September 4, 2019. (Doc. # 161.)

## II. APPLICABLE LAW

### A. MOTION TO AMEND

Federal Rule of Civil Procedure 59(e) gives federal courts the power to alter or amend judgments under certain circumstances. Fed. R. Civ. P. 59(e). The rule provides that no later than 28 days after the entry of a judgment, a party may file a motion "to alter or amend" the judgment. *Id*. "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d. Cir. 1991) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)).

The Court of Appeals for the Tenth Circuit recognizes three basic grounds upon which a Rule 59(e) motion may be granted: "(1) an intervening change in the controlling

law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Relief under Rule 59(e) is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012.

**B.     PREJUDGMENT INTEREST**

A federal court sitting in diversity must apply state law to the issue of prejudgment interest. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir. 2000); *Pegasus Helicopters, Inc. v. United Technologies Corp.*, 35 F.3d 507, 512 (10th Cir. 1994). Under Colorado law, the right to prejudgment interest, independent of an agreement to pay it, is statutory. *S. Park Aggregates, Inc. v. Nw. Nat. Ins. Co. of Milwaukee, Wis.*, 847 P.2d 218, 226 (Colo. App. 1992) (citing *York Plumbing & Heating Co. v. Groussman Investment Co*., 443 P.2d 986 (Colo. 1968) and Colo. Rev. Stat. § 5–12–102 (1992 Repl.Vol. 2)). Prejudgment interest is a form of compensatory damages and represents a legislatively prescribed award for delay in a plaintiff's receipt of money to which he or she is legally entitled. *Witt v. State Farm Mut. Auto. Ins. Co.*, 942 P.2d 1326, 1327 (Colo. App. 1997); Colo. Rev. Stat. § 5-12-102(1)(a). "[T]he purpose of prejudgment interest [under Colo. Rev. Stat. § 5-12-102] is to reimburse the plaintiff for inflation and lost return." *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 826 (Colo. 2008).

Colo. Rev. Stat. § 5-12-102 states, in relevant part:

(1) Except as provided in section 13-21-101, C.R.S. [related to actions to recover damages for personal injuries], **when there is no agreement as to the rate thereof, creditors shall receive interest** as follows:

(a) **When money or property has been wrongfully withheld**, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; **or, at the election of the claimant**,

(b) **Interest shall be at the rate of eight percent per annum compounded annually** for all moneys or the value of all property after they are wrongfully withheld or after they become due **to the date of payment or to the date judgment is entered, whichever first occurs**.

* * *

(3) **Interest shall be allowed** as provided in subsection (1) of this section **even if the amount is unliquidated** at the time of wrongful withholding or at the time when due.

Colo. Rev. Stat. § 5-12-102 (emphasis added).

Where a party breaches a contract by failing to make required payments, the money owed under the contract has been "wrongfully withheld" for purposes of § 5–12–102(1)(a). *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1092 (10th Cir. 2001) (citing *Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362, 366 (Colo. 1989)). "[O]ne who is damaged by a breach of contract is entitled to recover prejudgment interest of eight percent annually from the time of the breach." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1233–34 (10th Cir. 2000), *aff'd*, 532 U.S. 588 (2001) (quoting *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 684 (Colo. 1994)); *Mesa Sand & Gravel*, 776 P.2d at 365. Prejudgment interest accrues until the date of payment or the date judgment is entered, whichever occurs first. Colo. Rev. Stat. § 5-12-102(1)(a)–(b).

"Absent proof of the amount of gain realized by a defendant in wrongfully withholding funds, a court has no basis upon which to award prejudgment interest pursuant to C.R.S. § 5–12–102(1)(a) and must turn to the statutory default in C.R.S. § 5–12–102(1)(b)." *James v. Coors Brewing Co.*, 73 F. Supp. 2d 1250, 1256 (D. Colo. 1999) (citing *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291 (10th Cir. 1988)). The function of prejudgment interest awarded at a statutory rate is to compensate for the time value of money without proof of the actual loss. *Goodyear*, 193 P.3d at 827–28. Whether the "withholder" recognizes a "gain or benefit" is irrelevant under section 5-12-102(1)(b). *Arkansas River Power Auth. v. Babcock & Wilcox Co.*, No. 14-CV-00638-CMA-NYW, 2017 WL 3116286, at *8 (D. Colo. July 21, 2017) (citing *Mesa Sand & Gravel*, 776 P.2d at 364).

### III.    ANALYSIS

The Court finds that the question of whether ConcealFab should receive prejudgment interest is properly before the Court through Fed. R. Civ. P. 59(e) and concludes that ConcealFab is entitled to prejudgment interest pursuant to Colo. Rev. Stat. § 5-12-102.

### A.    FED. R. CIV. P. 59(e)

Defendant argues that the Court has previously considered and rejected Plaintiff's request for prejudgment interest. However, the Court was silent on ConcealFab's previous request for prejudgment interest in its Findings of Fact and Conclusions of Law and did not reject ConcealFab's request outright. *See generally* (Doc. # 151). Rule 59(e) is an appropriate vehicle for addressing this inadvertence. *See*

*White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) ("Rule [59(e)] was adopted to 'make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment.") (quoting Notes of Advisory Committee on 1946 Amendment to Rules, 5 F.R.D. 433, 476 (1946)) (brackets omitted).

**B.  CONCEALFAB'S ENTITLEMENT TO PREJUDGMENT INTEREST**

Sabre contends that an award of prejudgment interest would be inappropriate in this case because Plaintiff failed to prevail on several of its claims, was only awarded a small fraction of the damages sought, and, thus, was not a prevailing party. (Doc. # 160.) The Court disagrees.

As Sabre quotes, "[a] 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. The number of claims upon which a party prevails or the amount awarded for those claims is not determinative." *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). In the instant case, ConcealFab succeeded on its claims for breach of contract of the LOA, breach of contract of the Employment Agreement, tortious interference with contractual relations, and fraud in the inducement. (Doc. # 151 at 68–69.) Further, the Court awarded $224,913.54 in damages to ConcealFab, after adjusting for damages owed to Sabre. The Court considers ConcealFab to be a prevailing party for the purpose of awarding prejudgment interest.

Sabre's breaches of contract are sufficient to entitle ConcealFab to prejudgment interest. Under Colorado law, where a party breaches a contract by failing to make required payments, the money owed under the contract has been "wrongfully withheld"

7

for purposes of § 5–12–102(1)(a), *Echo Acceptance Corp.*, 267 F.3d at 1092 (citing *Mesa Sand & Gravel,* 776 P.2d at 366), and the wrongful withholding of money or property entitles a prevailing party to prejudgment interest, Colo. Rev. Stat. § 5–12–102(1)(a). Thus, ConcealFab is entitled to prejudgment interest for Sabre's breaches of contract.

At the election of ConcealFab and in the absence of evidence of the benefit Sabre gained by breaching the various contracts, the Court applies the statutory interest rate of 8% compounded annually. *See Chaparral*, 849 F.2d at 1291 ("If an award of prejudgment interest is justified but there is no proof of gain from the wrongful retention of money, a trial court acts within its discretion in measuring the amount of such damages at the statutory rate of interest."); *James v. Coors Brewing Co.*, 73 F. Supp. 2d at 1256. Having reviewed the Motion and the case file and having noted that Sabre did not object to Plaintiff's calculation of prejudgment interest in its response, the Court adopts Plaintiff's calculation of prejudgment interest as follows.

With respect to Sabre's breach of the LOA by failing to pay $66,897.54 in accounts payable during the pendency of the LOA and after its termination and failing to pay a $300,000 severance upon its termination of the LOA, prejudgment interest began accruing on the date of the breach, i.e, June 3, 2015. *See United Int'l Holdings, Inc.*, 210 F.3d at 1233–34; (Doc. # 151 at 30). Prejudgment interest stopped accruing upon the entry of final judgment on July 22, 2019. Therefore, prejudgment interest is due on the breach of the LOA as follows:

|  | 6/3/2015 | 6/3/2016 | 6/3/2017 | 6/3/2018 | 6/3/2019 | 7/22/2019 |
|---|---|---|---|---|---|---|
| Days |  | 365 days | 365 days | 365 days | 365 days | 49 days |
| Judgment | $366,897.54 |  |  |  |  |  |
| 8% Compound Interest |  | $29,351.80 | $31,699.95 | $34,235.94 | $36,974.82 | $5,360.84 |
|  |  |  |  |  | Total Prejudgment Interest (LOA) | $137,623.33 |

With respect to Sabre's breach of the Employment Agreement by failing to pay a $125,000 signing bonus, prejudgment interest began accruing the day after the 30-day period to pay the signing bonus elapsed—i.e, April 12, 2015. *See* (Doc. # 151 at 42). Prejudgment interest stopped accruing upon the entry of final judgment on July 22, 2019. Thus, prejudgment interest is due on the breach of the Employment Agreement as follows:

|  | 4/13/2015 | 4/13/2016 | 4/13/2017 | 4/13/2018 | 4/13/2019 | 7/22/2019 |
|---|---|---|---|---|---|---|
| Days |  | 365 days | 365 days | 365 days | 365 days | 101 days |
| Judgment | $125,000 |  |  |  |  |  |
| 8% Compound Interest |  | $10,000 | $10,800 | $11,664 | $12,597.12 | $3,764.64 |
|  |  |  |  | Total Prejudgment Interest (Employment Agreement) |  | $48,825.76 |

Accordingly, ConcealFab is entitled to a total of $186,449.09 in prejudgment interest on its breach of contract claims.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Amend Judgment to Include Pre-Judgment Interest (Doc. # 158) is GRANTED and the Court's Final Judgment (Doc. # 152) is hereby amended to include an award of $186,449.09 in

prejudgment interest in Plaintiff's favor, thereby increasing the damages for which Sabre is liable to ConcealFab from $224,913.54 to $411,362.63.

DATED: February 7, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge